ROTHSCHILD, P. J.,
Concurring. — I concur in the judgment only. I respectfully disagree with the majority’s conclusion that plaintiffs’ allegations show that, at the time of the settlement, plaintiffs already had sufficient notice of wrongdoing to trigger a duty to investigate. But I believe that the judgment should be affirmed for largely the same reasons stated in my dissent in Prakashpalan v. Engstrom, Lipscomb & Lack (2014) 223 Cal.App.4th 1105 [167 Cal.Rptr.3d 832].
Defendants were plaintiffs’ lawyers, and all of plaintiffs’ claims arise from defendants’ performance of professional services for plaintiffs. Plaintiffs’ claims are consequently subject to the statute of limitations defined by subdivision (a) of Code of Civil Procedure section 340.6, which provides that “[a]n action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or *739 omission, whichever occurs first.” The statute provides in addition that the four-year period is tolled whenever “[t]he attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney . . . .” (Id., subd. (a)(3).)
Plaintiffs filed suit more than 14 years after the (alleged) wrongful act or omission. Plaintiffs’ claims are therefore untimely unless plaintiffs have adequately alleged fraud or willful concealment. Consequently, in order for their claims to be timely, plaintiffs must allege with particularity all of the facts constituting the substantive elements of fraud. (See, e.g., Cansino v. Bank of America (2014) 224 Cal.App.4th 1462, 1469 [169 Cal.Rptr.3d 619].)
Plaintiffs have not done so. Plaintiffs purport to allege two fraud theories, but neither of them is adequately pleaded.
First, plaintiffs allege that “[w]hen Defendants made settlement distributions to Plaintiffs, Defendants represented in writing to Plaintiffs that they were distributing the shares of the State Farm Litigation settlement to which they were entitled,” and plaintiffs allege that that representation was false. Those allegations are far too vague to constitute an adequate pleading of fraud. Plaintiffs never allege what defendants told them about (1) the settlement, (2) their shares of the settlement, or (3) how those shares were determined. In the absence of such allegations, it is impossible to determine whether defendants’ alleged representations or omissions were materially misleading, or misleading at all. We do not even know exactly what defendants’ alleged representations were. (Cf. 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 718, p. 134 [“The representation must be directly and specifically pleaded; without that pleading an essential element of the cause of action is lacking”]; id., § 719, p. 135 [“The typical misrepresentation of fact is usually pleaded verbatim”].)
Second, plaintiffs allege that “Defendants did not obtain Plaintiffs’ informed written consent to the aggregate settlement,” because defendants allegedly did not disclose certain information about the settlement. But plaintiffs again fail to allege what defendants did tell them about the settlement, so they again fail to plead fraud with sufficient particularity. As long as plaintiffs fail to allege with particularity what they did know about the settlement, it is impossible to determine whether the things they did not know were of any significance.
Plaintiffs also argue that their cause of action for violation of Business and Professions Code section 6091 (which requires an attorney to provide an *740 accounting of client trust funds upon the client’s written request) is timely under Code of Civil Procedure section 340.6, because the action was filed within one year of plaintiffs’ written request for an accounting. I am not persuaded. Plaintiffs concede that they first requested the accounting in 2012, more than 14 years after the 1997 settlement. Plaintiffs further concede that under rule 4-100(B)(3) of the Rules of Professional Conduct, defendants were not required to keep the relevant records for more than five years after “final appropriate distribution” of the funds. The five-year period for retention of relevant records presents a reasonable outer limit on the time within which a client is entitled to an accounting under Business and Professions Code section 6091. Plaintiffs do not propose any alternative. Rather, plaintiffs appear to contend that an attorney is obligated in perpetuity to provide an accounting upon the client’s request, even if the relevant records were lawfully destroyed decades ago. That cannot be the law.
Finally, I disagree with the majority’s description of the facts in two significant respects. First, the majority states that plaintiffs allege that when they executed signature pages for the settlement, “they did not have the master settlement agreement, the master release, or the confidentiality agreement.” (Maj. opn., ante, at p. 736.) I can find no such allegation in the second amended complaint. The pleading does allege that “[djefendants did not even provide a copy of the entire settlement agreement to Plaintiffs” (italics added), but it does not say how much of the settlement agreement defendants did provide. If defendants gave plaintiffs part of the settlement agreement, then it is possible that the omitted parts were not material and their omission was not misleading. Similarly, the second amended complaint alleges that defendants “instructed [plaintiffs] to sign signature pages and return such pages to [defendants],” but it does not allege that the signature pages were the only part of the settlement agreement that plaintiffs were given. Again, all of the facts constituting the elements of fraud must be pleaded with particularity. (Cansino v. Bank of America, supra, 224 Cal.App.4th at p. 1469.)
Second, the majority states that attached to the second amended complaint is “a document purporting to be a page from a November 3, 1997 letter to the Prakashpalans” concerning the settlement. (Maj. opn., ante, at p. 727.) What is attached to the second amended complaint, however, purports to be only the fourth page of a letter of unspecified length. That page refers to “allocation determinations” made by “Judge Smith” and various other matters, including “the Master Settlement Agreement.” It is impossible to determine whether anything on that page was fraudulent (as plaintiffs would have it) or suspicious (as the majority would have it) without seeing the rest *741 of the letter. Again, the burden is on plaintiffs to plead fraud with particularity. The fourth page of that letter has no tendency, on its own, to show that they were defrauded.
For all of the foregoing reasons, I concur in the judgment.
A petition for a rehearing was denied April 23, 2015. Rothschild, J., was of the opinion that the petition should be granted. Appellants’ petition for review by the Supreme Court was denied June 17, 2015, S226158.